1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   DESHAWN BROADNAX,              )    Civil No. 12cv560 GPC (RBB)
                                    )
12              Petitioner,         )    **ORDER DENYING MOTION FOR STAY**
                                    )    **AND ABEYANCE [ECF NO. 8]**
13   v.                             )
                                    )
14   MATTHEW CATE,                  )
                                    )
15              Respondent.         )
     _____ )
16

17        Petitioner Deshawn Broadnax, a state prisoner proceeding pro

18   se and in forma pauperis, filed a Petition for Writ of Habeas

19   Corpus on March 5, 2012 [ECF Nos. 1, 7].  On March 9, 2012, the

20   district court dismissed the Petition but gave Broadnax until May

21   15, 2012, to file a first amended petition.  (Order 3, Mar. 9,

22   2012, ECF No. 3.)  On March 22, 2012, Petitioner filed a "Notice

23   Regarding an Extension of Time in Which to File Petition for Writ

24   of Habeas Corpus in State Court" [ECF No. 8].  Broadnax maintains

25   that he has begun to identify "Potential Issues" and requests time

26   "To Complete [his] Review Of The Issues, Ensure The Issues [are]

27   Complete, Identify/Research Issues, And Write Petition for Writ of

28   Habeas Corpus in the State Court."  (Notice Regarding Extension

                                    1

Time 1, ECF No. 8.)  The Court construed this as a motion to stay and abey any subsequently filed first amended federal petition. (Mins., Mar. 29, 2012, ECF No. 9.)

Broadnax later submitted a First Amended Petition, which was filed nunc pro tunc to May 7, 2012 [ECF No. 16].  There, he contests his convictions for attempted intimidation of a witness, inducing a witness to give false information about a crime, and two counts of first-degree murder.  (See First Am. Pet. 6-7, 27-28, 38-39, 44, 51-52, ECF No. 16.)[1]  Petitioner challenges these convictions on several bases, including, in ground one, the adequacy of the jury instructions used at trial.  (Id. at 6-7.) In ground two, he contests the denial of his motion for a new trial.  (Id. at 27-28.)  And in ground three, Broadnax disputes the sufficiency of the evidence supporting his conviction for dissuading a witness and, alternatively, contends that the trial court erred in omitting an element of that offense.  (Id. at 38-39, 44.)

Respondent filed an "Answer to the Petition for Writ of Habeas Corpus" on July 2, 2012, along with a memorandum of points and authorities and a notice of lodgment [ECF No. 21].  On July 17, 2012, Cate filed an "Amended Answer to First Amended Petition for Writ of Habeas Corpus" [ECF No. 23].

Broadnax later filed a "Motion and Declaration for Appointment of Counsel," which was filed nunc pro tunc to May 24,

---

[1]  Because Broadnax's First Amended Petition and "Notice Regarding an Extension of Time in Which to File Petition for Writ of Habeas Corpus in State Court" are not consecutively paginated, the Court will cite to each using the page numbers assigned by the electronic case filing system.

2012 [ECF No. 20].   In that motion, Petitioner clarified that the new claims he seeks to exhaust in state court are for ineffective assistance of counsel and prosecutorial misconduct.  (Mot. & Decl. Appointment Counsel 1, ECF No. 20.)  That motion was denied on August 6, 2012, (ECF No. 24); nevertheless, the Court will take judicial notice of statements made by Broadnax in the motion and accompanying declaration.  See Fed. R. Evid. 201(b).

On September 12, 2012, Cate filed an "Opposition to Motion for Stay and Abeyance of First Amended Petition for Writ of Habeas Corpus" [ECF No. 28].  Respondent argues that Broadnax is not entitled to a stay because he did not submit a mixed petition; the statute of limitations has run; and the new claims do not "relate back" to the timely claims in the pending First Amended Petition. (Opp'n Mot. Stay & Abey 4-6, ECF No. 28.)  Petitioner did not file any reply memorandum.

As a preliminary matter, the Court must consider whether a motion to stay is a dispositive or nondispositive motion, respectively meriting either a report and recommendation or an order.  "Although granting or denying a stay may be an important step in the life of a case . . . a stay order is merely suspensory.  Even if such a motion is granted, the court still retains authority to dissolve the stay . . . ."  PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 14 (1st Cir. 2010) (stay pending arbitration).  The court in PowerShare concluded that a motion to stay is nondispositive.  See id.; see also Apple, Inc. v. Samsung Elecs. Co., Ltd., No. 12-cv-00630-LHK, 2012 WL 2936432, at *1-2 (N.D. Cal. July 18, 2012) (noting that a motion to stay preliminary injunction pending appeal was nondispositive); Young

v. Cnty. of Hawaii, Civil No. 11-00580 ACK-RLP, 2012 WL 2366016, at *8 n.13 (D. Haw. June 19, 2012) (treating motion to stay pending arbitration as nondispositive); Lovell v. United Airlines, Inc., 728 F. Supp. 2d 1096, 1100 (D. Haw. 2010) (reviewing, as nondispositive, order denying motion to stay pending resolution of an earlier-filed class action); Sylvester v. Menu Foods, Inc., No. 07-00409 ACK-KSC, 2007 WL 4291024, at *3 (D. Haw. Dec. 5, 2007) (reviewing order on motion to stay under standard used for dispositive motions because it was "inextricably intertwined" with ruling on motion to remand, which some courts treat as a dispositive motion).

Other courts that have considered a motion to stay and abey have resolved the motion with an order.  See also Stamps v. Cate, No. 11-cv-2048-LAB (WMc), 2012 WL 3076408, at *4 (S.D. Cal. July 30, 2012) (issuing order on habeas petitioner's motion to stay); Chau v. Uribe, No. 11cv136 AJB (PCL), 2011 WL 1544809, at *1 (S.D. Cal. Apr. 19, 2011) (same).  But see Gohel v. Ryan, CV-10-0001-PHX-FJM (JRI), 2011 WL 5331716, at *1 (D. Ariz. Sept. 15, 2011) ("Because the resolution of [the motion to stay] would effectively be dispositive of the affected claims [for habeas relief], the undersigned makes the following proposed findings of fact, report, and recommendation . . . .").  Figueroa v. Lea, No. 10-CV-2274 MMA (JMA), 2011 WL 4403977, at *5 (S.D. Cal. Aug. 12, 2012) (submitting report and recommendation on motion to stay without discussing whether motion was dispositive); Orozco v. Silva, No. 11cv2663-AJB (BLM), 2012 WL 1898793, at *6 (S.D. Cal. Jan. 30, 2012) (same).

4

In his March 22, 2012 filing, Broadnax first indicated that he intended to bring new claims for habeas relief in state court [ECF No. 8].  Since that time, he has had ample time to do so.  In the interim, the fully exhausted claims alleged in his federal Petition remain pending.  Exhausting new claims for habeas relief in the state courts is a prerequisite to asserting them in a petition for writ of habeas corpus in the federal courts.  See Rhines v. Weber, 544 U.S. 269, 273-74 (2005).  Nevertheless, § 2254(b)(2) authorizes the Court to deny a claim for habeas relief on the merits although it has not been exhausted.  See 28 U.S.C.A. § 2254(b)(2) (West 2006).  An order denying a motion to stay a federal petition is qualitatively different from an order dismissing an unexhausted claim on the merits.

Broadnax's motion to stay his fully exhausted federal habeas Petition does not dispose of "new" claims he plans to raise in state court.  Those claims will proceed.  If Petitioner does not obtain relief from the California courts on claims grounded in federal law, he will attempt to amend his federal Petition and pursue the additional claims here.  Broadnax's expectation is that he will return to federal court.  Thus, a motion to stay and abey is not dispositive of claims that have not been alleged in his federal Petition.

A motion to stay in order to exhaust habeas claims in state court should be treated like a motion to remand, which "is more logically viewed as non-dispositive because it does not dispose of a 'claim' . . . ."  14 James Wm. Moore et al., Moore's Federal Practice § 72.02[4], at 72-10.1 (3d ed. 2012) (discussing motions to remand).  "All of the claims and defenses proceed in state

court after remand, and use of a federal forum is neither a claim
nor a defense." Id.  This Court concludes that motions to stay
and abey are nondispositive and will issue an order ruling on
Petitioner's motion.

The Court finds Broadnax's motion suitable for resolution on
the papers.  See S.D. Cal. Civ. R. 7.1(d)(1).  The Court has
reviewed the First Amended Petition, Petitioner's "Notice
Regarding an Extension of Time in Which to File Petition for Writ
of Habeas Corpus in State Court" ("Motion to Stay"), his Motion
for Appointment of Counsel, Cate's Opposition, and the lodgments.
For the reasons discussed below, Broadnax's Motion to Stay [ECF
No. 8] is **DENIED**.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On December 19, 2008, in the Superior Court of California,
County of San Diego, a jury convicted Broadnax of dissuading a
witness from testifying, attempted witness intimidation, and two
counts of first-degree murder.  (Lodgment No. 1, Clerk's Tr. vol.
3, 621-27, Dec. 19, 2008.)  The jury concluded that Petitioner
committed these crimes for the benefit of a criminal street gang;
he was a principal in the murders; and he used a firearm causing
death.  (Id. at 621, 623, 626-27.)  They also found that Broadnax
was an active participant of a criminal street gang when he
committed the murders, which qualified as a special circumstance.
(Id. at 622, 624.)  On February 19, 2009, Petitioner was sentenced
to two life sentences without the possibility of parole plus
fifty-seven years to life.  (Id. at 560-63, 629.)

On October 2, 2009, Broadnax appealed the convictions; they
were affirmed by Division One of the California Court of Appeal,

1   Fourth Appellate District, on August 20, 2010.  (See Lodgment No.

2   3, Appellant's Opening Brief, People v. Broadnax, No. D054634

3   (Cal. Ct. App. Aug. 20, 2010); Lodgment No. 6, People v. Broadnax,

4   No. D054634, slip op. at 1, 14 (Cal. Ct. App. Aug. 20, 2010).)

5   Broadnax petitioned the California Supreme Court for review on

6   September 30, 2010.  (Lodgment No. 7, Petition for Review, People

7   v. Broadnax, No. SD2009701437 (Cal. Dec. 15, 2010).)  The

8   California Supreme Court denied the petition without opinion.

9   (Lodgment No. 8, People v. Broadnax, No. S186803, order at 1 (Cal.

10  Dec. 15, 2010.)  Petitioner then filed a Petition for Writ of

11  Habeas Corpus in this Court on March 5, 2012 [ECF No. 1], and

12  submitted a First Amended Petition, which was filed nunc pro tunc

13  to May 7, 2012 [ECF No. 16].

14                **II.  LEGAL STANDARD FOR EXHAUSTION**

15        Before a federal court may grant habeas relief on a claim, a

16  petitioner must exhaust all available state judicial remedies.  28

17  U.S.C.A. § 2254(b)(1)(A) (West 2006); Rhines v. Weber, 544 U.S. at

18  273-74 (referring to total exhaustion requirement of Rose v.

19  Lundy, 455 U.S. 509, 522 (1982), abrogated on other grounds by

20  Rhines, 544 U.S. 269).  A claim is exhausted only when a

21  petitioner has fairly presented it to the state courts.  Duncan v.

22  Henry, 513 U.S. 364, 365 (1995) (citing Picard v. Connor, 404 U.S.

23  270, 275 (1971)).  To meet the fair presentation requirement, the

24  petitioner must "alert the state courts to the fact that he [is]

25  asserting a claim under the United States Constitution."  Hiivala

26  v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing Duncan, 513

27  U.S. at 365-66).  The petitioner must "provide the state courts

28  with a 'fair opportunity' to apply controlling legal principles to

                                    7                        12CV0560 GPC(RBB)

the facts bearing upon his constitutional claim." <u>Anderson v.</u>
<u>Harless</u>, 459 U.S. 4, 6 (1982) (citing <u>Picard</u>, 404 U.S. at 276-77).
By giving state courts the "'opportunity to pass upon and correct'
alleged violations of its prisoners' federal rights," comity is
promoted, and disruption of state judicial proceedings is
prevented.  <u>Duncan</u>, 513 U.S. at 365 (quoting <u>Picard</u>, 404 U.S. at
275); <u>see also</u> <u>Rose</u>, 455 U.S. at 518; <u>Fields v. Waddington</u>, 401
F.3d 1018, 1020 (9th Cir. 2005).

 Constitutional claims raised in federal proceedings must be
presented to the state courts first.  <u>Baldwin v. Reese</u>, 541 U.S.
27, 31-32 (2004).  The highest state court must have an
opportunity to consider the factual and legal bases of a
petitioner's claims before they are presented to the federal
court.  <u>Weaver v. Thompson</u>, 197 F.3d 359, 364 (9th Cir. 1999)
(citing <u>Picard</u>, 404 U.S. at 276; <u>Johnson v. Zenon</u>, 88 F.3d 828,
829 (9th Cir. 1996)); <u>see also</u> <u>Duncan</u>, 513 U.S. at 365; <u>Scott v.</u>
<u>Schriro</u>, 567 F.3d 573, 582 (9th Cir. 2009); <u>Davis v. Silva</u>, 511
F.3d 1005, 1008 (9th Cir. 2008).  A claim is not exhausted if it
is pending before the state's highest court.  <u>See</u> <u>Rose</u>, 455 U.S.
at 515 ("[A]s a matter of comity, federal courts should not
consider a claim in a habeas corpus petition until after the state
courts have had an opportunity to act . . . ."); <u>Anderson v.</u>
<u>Morrow</u>, 371 F.3d 1027, 1036 (9th Cir. 2004) ("AEDPA's exhaustion
requirement entitles a state to pass on a prisoner's federal
claims before the federal courts do so.").  "It follows, of
course, that once the federal claim has been fairly presented to
the state courts, the exhaustion requirement is satisfied."
<u>Picard</u>, 404 U.S. at 275.

8

Courts may <u>deny</u> an application for habeas relief on the merits even if the petitioner has not yet exhausted his state judicial remedies.  28 U.S.C.A. § 2254(b)(2).  But courts have no authority to <u>grant</u> relief on unexhausted claims.  <u>Id.</u> § 2254(b)(1)(A).

### III.  DISCUSSION

**A.   <u>Whether the First Amended Petition is a Mixed Petition</u>**

Respondent Cate argues that the claims in the First Amended Petition have all been exhausted, and therefore the Petition is not mixed.  (Opp'n Mot. Stay & Abey 4, ECF No. 28.)  According to Cate, the <u>Rhines</u> test for determining whether a court should stay a mixed petition is therefore inapplicable.  (<u>Id.</u>)  Moreover, Respondent contends that even if Broadnax's Amended Petition is mixed, he has not shown good cause for his failure to have previously exhausted his new claims or that those claims are meritorious, as required by <u>Rhines</u>.  (<u>Id.</u> at 4-5.)

Cate maintains that Broadnax's First Amended Petition is not mixed, and thus the applicable test is that described in <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003), <u>overruled on other grounds by Robbins v. Carey</u>, 481 F.3d 1143, 1149 (9th Cir. 2007).  (<u>Id.</u> at 5.)  Respondent insists that Petitioner is not entitled to a stay because <u>Kelly</u> requires the petitioner to amend his petition to add the new claims within the original one-year statute of limitations set forth by AEDPA, and Broadnax has not yet filed anything in state court relating to his new claims.  (<u>Id.</u>)

A mixed petition contains both exhausted and unexhausted claims.  <u>See Rose</u>, 455 U.S. at 510.  In <u>Rhines v. Weber</u>, 544 U.S. 269, the Supreme Court held that district courts have the

discretion to stay a mixed habeas petition and hold it in abeyance to allow a petitioner to present unexhausted claims to state courts. "Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." Id. at 275-76.

In his pending First Amended Petition, Broadnax argues that he is entitled to relief based on inadequate jury instructions, the denial of his motion for a new trial, insufficiency of the evidence, and alternatively, the trial court's omission of an element of the charge for dissuading a witness. (First Am. Pet. 6-7, 27-28, 38-39, 44, ECF No. 16.) These claims were raised before, and rejected by, the California Supreme Court. (See Lodgment No. 7, Petition for Review, People v. Broadnax, No. SD2009701437; Lodgment No. 8, People v. Broadnax, No. S186803, order at 1.) All the claims contained in Broadnax's Petition are fully exhausted, so the Petition is not mixed. See Rose, 455 U.S. at 510 (stating that mixed petitions contain both exhausted and unexhausted claims). Rhines is not applicable to Petitioner's case. See Sims v. Calipatria State Prison, No. CV 10-715-DSF (AGR), 2012 U.S. Dist. LEXIS 69931, at *4 (C.D. Cal. Feb. 29, 2012) (noting that Rhines does not apply to a fully exhausted petition).

**B.   Whether a Stay of Broadnax's Fully Exhausted Petition is Warranted**

To date, the Ninth Circuit has only applied the Kelly procedure to requests to stay mixed petitions. See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). Courts have the discretion "to stay and hold in abeyance the amended, fully exhausted

petition, providing the petitioner the opportunity to proceed to state court to exhaust the deleted [unexhausted] claims . . ." King, 564 F.3d at 1139.  Since Rhines, district courts have continued to apply the Kelly procedure to requests to stay fully exhausted petitions, even when the petition was never a mixed petition.  See Sims, 2012 U.S. Dist. LEXIS 69931, at *4-5 (finding Kelly procedure is the appropriate standard to stay a fully exhausted petition while a petitioner attempts to exhaust additional claims); Hughes v. Walker, No. 2:10-cv-3024 WBS TJB, 2012 U.S. Dist. LEXIS 11844, at *12-13 (E.D. Cal. Feb. 1, 2012) (finding Kelly is the "relevant procedure" when a petitioner seeks to stay original claims in a fully exhausted petition, while he seeks to exhaust new claims); Conriquez v. Uribe, No. 1:09-cv-01003-SKO-HC, 2012 U.S. Dist. LEXIS 607, at *9 (E.D. Cal. Jan. 4, 2012) (applying Kelly); Knox v. Martel, No. CIV S-08-0494-MCE-CMK-P, 2010 U.S. Dist. LEXIS 30967, at *2 (E.D. Cal. Mar. 31, 2010) (citing Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005) (applying Kelly)).  Therefore, Broadnax can request a stay under Kelly while he attempts to exhaust new claims.

In Jackson, the Ninth Circuit reaffirmed the three-step procedure outlined in Kelly.  Jackson, 425 F.3d at 659.

> The procedure include[s] (1) allowing a petitioner to amend his petition to remove the unexhausted claims -- as Rose indicated; (2) staying and holding in abeyance the amended, fully exhausted petition to allow a petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) permitting the petitioner after completing exhaustion to amend his petition once more to reinsert the newly exhausted claims back into the original petition.

Id. at 658-59 (citation omitted).  The Ninth Circuit has determined that the Kelly procedure does not undermine AEDPA

1  because a petitioner may amend his petition only if the claims are

2  still timely or relate back to the original pleading.  See King,

3  564 F.3d at 1140-41.

4       A Kelly stay is appropriate when an outright dismissal will

5  make it difficult for the petitioner to return to district court

6  within AEDPA's one-year statute of limitation period.  See Sims,

7  2012 U.S. Dist. LEXIS 69931, at *3-5.  "A petitioner seeking to

8  use the Kelly procedure will be able to amend his unexhausted

9  claims back into his federal petition once he has exhausted them

10 only if those claims are determined to be timely.  And

11 demonstrating timeliness will often be problematic under the now-

12 applicable legal principles."  King, 564 F.3d at 1140-41.

13 Therefore, Broadnax will only be entitled to a stay of his fully

14 exhausted Petition if his new ineffective assistance of counsel

15 and prosecutorial misconduct claims are not otherwise time barred

16 by AEDPA.

17      **1.   Statute of limitations**

18      Respondent contends that the claims Broadnax is seeking to

19 exhaust are untimely.  (Opp'n Mot. Stay & Abey 5-6, ECF No. 28.)

20 Cate asserts that AEDPA's statute of limitations expired on March

21 15, 2012, because the one-year statute of limitations began on

22 March 15, 2011 -- ninety days after the December 15, 2010

23 California Supreme Court decision.  (Id. at 5.)  Petitioner filed

24 his Petition in federal court on March 5, 2012.  (Id. at 5-6.)

25 Respondent also claims that filing a habeas claim in federal court

26 does not toll AEDPA's statute of limitations, and to date,

27 Broadnax has still not returned to state court to exhaust his new

28

1   claims.  (Id. at 6.)  Broadnax does not address whether the

2   statute of limitations for his new claims has expired.

3        A petitioner seeking to use the Kelly procedure and amend his

4   petition must demonstrate that the unexhausted claims are timely.

5   King, 564 F.3d at 1140-41.  Broadnax's Petition is subject to the

6   Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996

7   because it was filed after April 24, 1996.  28 U.S.C.A. § 2244

8   (West 2006); Woodford v. Garceau, 538 U.S. 202, 204 (2003) (citing

9   Lindh v. Murphy, 521 U.S. 320, 326 (1997)).  All federal habeas

10  petitions are subject to AEDPA's one-year statute of limitations.

11  As amended, § 2244(d) provides:

12          (1) A 1-year period of limitation shall apply to an
            application for a writ of habeas corpus by a person in
13          custody pursuant to the judgment of a State court.  The
            limitation period shall run from the latest of --
14
                (A) the date on which the judgment became final by
15              the conclusion of direct review or the expiration
                of the time for seeking such review;
16
                (B) the date on which the impediment to filing an
17              application created by State action in violation of
                the Constitution or laws of the United States is
18              removed, if the applicant was prevented from filing
                by such State action;
19
                (C) the date on which the constitutional right
20              asserted was initially recognized by the Supreme
                Court, if the right has been newly recognized by
21              the Supreme Court and made retroactively applicable
                to cases on collateral review; or
22
                (D) the date on which the factual predicate of the
23              claim or claims presented could have been
                discovered through the exercise of due diligence.
24
25  28 U.S.C.A. § 2244(d)(1).

26       On August 20, 2010, the California Court of Appeal issued its

27  opinion addressing Petitioner's appeal from the judgment of

28  conviction.  (Lodgment No. 6, People v. Broadnax, No. D054634,

slip op. at 1.)   The court affirmed the superior court judgment.
(Id. at 1, 14.)   Broadnax filed a petition for review, which the
California Supreme Court denied on December 15, 2010.   (See
Lodgment No. 8, People v. Broadnax, No. S186803, order at 1.)
Broadnax did not file a petition for a writ of certiorari with the
United States Supreme Court.

United States Supreme Court Rule 13 provides that a petition
for certiorari must be filed within ninety days of the entry of an
order denying discretionary review by the state supreme court.
See S. Ct. R. 13.   When a habeas petitioner seeks discretionary
review by the state's highest court but does not file a petition
with the United States Supreme Court, the judgment becomes final
when the prisoner's time to petition the Supreme Court expires.
See Gonzalez v. Thaler, __ U.S. __, __, 132 S. Ct. 641, 653-54
(2012).

Broadnax's judgment became final for the purposes of AEDPA on
March 15, 2011, ninety days after the California Supreme Court
denied his petition for review.   See id.; see also S. Ct. R. 13.
Pursuant to § 2244(d), the statute of limitations for federal
habeas corpus began to run on March 16, 2011, the day after the
judgment became final.   28 U.S.C.A. § 2244(d)(1)(A); see Corjasso
v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (explaining that the
one-year statute of limitations under AEDPA begins to run the day
after the conviction becomes final).   The statute of limitations
period would therefore have expired on March 15, 2012.   See
Patterson v. Stewart, 251 F.3d 1243, 1245-46 (9th Cir. 2001)
(quoting Fed. R. Civ. P. 6(a)) ("In computing any period of time
prescribed or allowed . . . by any applicable statute, the day of

14

1  the act, event, or default from which the designated period of

2  time runs shall not be included.")

3      Broadnax signed his "Notice Regarding an Extension of Time in

4  Which to File Petition For Writ of Habeas Corpus in State Court"

5  on March 19, 2012 [ECF No. 8], seeking to stay the First Amended

6  Petition while he raises new claims in state court.  To date,

7  Petitioner has not provided any evidence showing that he has filed

8  a state habeas corpus petition related to these new claims.  On

9  the contrary, his motion for a stay suggests that he has yet to

10  file anything in state court.  (See Notice Regarding Extension

11  Time 1, ECF No. 8.) (requesting time to research, write, and file

12  state habeas corpus petition).

13      A federal petition for writ of habeas corpus may be dismissed

14  with prejudice when it was not filed within AEDPA's one-year

15  statute of limitations.  Jiminez v. Rice, 276 F.3d 478, 483 (9th

16  Cir. 2001).  The statute of limitations is a threshold issue that

17  must be resolved before the merits of individual claims.  White v.

18  Klitzkie, 281 F.3d 920, 921-22 (9th Cir. 2002).  Nevertheless, an

19  otherwise late petition may be timely if Broadnax can show he is

20  entitled to statutory or equitable tolling, or that an amended

21  petition that includes newly exhausted ineffective assistance of

22  counsel and prosecutorial misconduct claims will relate back to

23  his original claims for habeas relief.

24          a.   Statutory tolling

25      Respondent argues that Petitioner is not entitled to tolling

26  because the time in federal court does not toll AEDPA's statutory

27  clock.  (Opp'n Mot. Stay & Abey 6, ECF No. 28.)  Cate maintains

28  that Broadnax's new ineffective assistance of counsel and

prosecutorial misconduct claims are time barred because AEDPA's statute of limitations expired on March 15, 2012. (<u>Id.</u>) Petitioner does not address whether statutory tolling applies.

The statute of limitations under AEDPA is tolled during periods in which a "properly filed" habeas corpus petition is "pending" in the state court. 28 U.S.C.A. § 2244(d)(2). The statute specifically provides, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." <u>Id.</u>; <u>see also</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 410 (2005). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (explaining that typical filing requirements include all relevant time limits).

The interval between the disposition of one state petition and the filing of another may be tolled under "interval tolling." <u>Carey v. Saffold</u>, 536 U.S. 214, 223 (2002). "[T]he AEDPA statute of limitations is tolled for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.'" <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999) (quoting <u>Barnett v. Lamaster</u>, 167 F.3d 1321, 1323 (10th Cir. 1999)); <u>see also</u> <u>Carey</u>, 536 U.S. at 219-22. The statute of limitations is tolled from the time the first state habeas petition is filed until state collateral review is concluded, but it is not tolled before the first state

1  collateral challenge is filed.  Thorson v. Palmer, 479 F.3d 643,

2  646 (9th Cir. 2007) (citing Nino, 183 F.3d at 1006).

3      Here, Broadnax has yet to file a state habeas corpus petition

4  related to his new ineffective assistance of counsel or

5  prosecutorial misconduct claims.  These claims are not statutorily

6  tolled while his First Amended Petition asserting entirely

7  different, exhausted causes of action is pending in federal court.

8  See Duncan v. Walker, 533 U.S. 167, 182 (2001) (stating that

9  AEDPA's statute of limitations is not tolled "during the pendency

10 of [a] . . . federal habeas petition.").  Furthermore, Broadnax

11 cannot avail himself of statutory tolling while he exhausts his

12 additional state claims because Petitioner did not timely file his

13 claims in state court, and AEDPA's statute of limitations was not

14 tolled before it expired.  See Pace, 544 U.S. at 410 (holding that

15 untimely state post-conviction petition is not "properly filed"

16 within the meaning of § 2244(d)(2)).

17      **b.   Equitable tolling**

18      Neither the Petitioner nor the Respondent addresses whether

19 equitable tolling applies.  Equitable tolling of the statute of

20 limitations is appropriate when the petitioner can show "(1) that

21 he has been pursuing his rights diligently, and (2) that some

22 extraordinary circumstance stood in his way." Holland v. Florida,

23 560 U.S. __, __, 130 S. Ct. 2549, 2562 (2010); Pace, 544 U.S. at

24 418; see also Lawrence v. Florida, 549 U.S. 327, 335 (2007).  The

25 petitioner bears the burden of establishing the elements.  Roberts

26 v. Marshall, 627 F.3d 768, 771 (9th Cir. 2010).  A petitioner is

27 entitled to equitable tolling of AEDPA's one-year statute of

28 limitations where "'extraordinary circumstances beyond a

17

prisoner's control make it impossible'" to file a timely petition. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (quoting Brambles v. Duncan, 330 F.3d 1197, 1202 (9th Cir. 2003)).

"'[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000). The failure to file a timely petition must be the result of external forces, not the result of the petitioner's lack of diligence. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Determining whether equitable tolling is warranted is a 'fact-specific inquiry.'" Spitsyn, 345 F.3d at 799 (quoting Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001)). If a petitioner makes a "'good-faith allegation that would, if true, entitle him to equitable tolling[,]'" the petitioner should receive an evidentiary hearing. Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (alteration in original) (quoting Laws v. LaMarque, 351 F.3d 919, 921 (9th Cir. 2003).

Broadnax does not allege that he is entitled to equitable tolling. (See generally Notice Regarding Extension Time 1, ECF No. 8.) There is no indication that he has diligently pursued the ineffective assistance of counsel and prosecutorial misconduct claims that arose prior to filing his federal Petition for Writ of Habeas Corpus. See Holland, 560 U.S. at __, 130 S. Ct. at 2562; (see also Lodgment No. 3, Appellant's Opening Brief, People v. Broadnax, No. D054634; Lodgment No. 7, Petition for Review, People v. Broadnax, No. SD2009701437.)

18

1    Additionally, Petitioner has not filed the claims in state

2    court, even though more than seven months have elapsed since

3    AEDPA's one-year statute of limitations expired on March 15, 2012.

4    (See Opp'n Mot. Stay & Abey 5, ECF No. 28; see also Pinks v.

5    Gipson, No. CV 12-1306 RGK (JCG), 2012 WL 1044310, at *1 (C.D.

6    Cal. Mar. 28, 2012) (finding a prisoner who filed a state petition

7    for writ of habeas corpus six months late was not diligently

8    pursuing his claims).  Neither Broadnax nor his appellate counsel

9    questioned the trial attorney's actions while appealing the

10   conviction.  During the period after the California Supreme Court

11   denied his petition for review and prior to filing his federal

12   habeas Petition, Broadnax failed to consider the claim of

13   prosecutorial misconduct.  See Doe v. Busby, 661 F.3d 1001, 1012-

14   15 (9th Cir. 2011) (discussing what is reasonable diligence when

15   faced with attorney misconduct).  Petitioner has not demonstrated

16   that he was reasonably diligent in pursuing his new ineffective

17   assistance of counsel and prosecutorial misconduct claims.  See

18   Holland, 560 U.S. at __, 130 S. Ct. at 2562.

19        **2.    Relation back**

20        Cate contends that Broadnax's untimely new claims "do not

21   appear to be related" to the claims presented in his First Amended

22   Petition.  (Opp'n Mot. Stay & Abey 6, ECF No. 28.)  Petitioner

23   does not address the issue.

24        The Federal Rules of Civil Procedure apply to federal habeas

25   cases through Federal Rule of Civil Procedure 81(a)(4), 28 U.S.C.

26   § 2242, and Habeas Corpus Rule 12.  See 28 U.S.C.A. § 2242 (West

27   2012); Rules Governing § 2254 Cases, Rule 12, 28 U.S.C. foll. §

28   2254; Fed. R. Civ. P. 81(a)(4).  "Amendments made after the

statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings '[arise] out of the conduct, transaction, or occurrence." <u>Mayle v. Felix</u>, 545 U.S. 644, 655 (2005) (citing Fed. R. Civ. P. 15(c)(2)).  The applicable test is whether the claim arises out of a "common 'core of operative facts' uniting the original and newly asserted claims." <u>Id.</u> at 659 (citations omitted).

A claim does not arise out of a common core of operative facts when the claim is "'supported by facts that differ in both time and type from those the original pleading set forth.'" <u>Schneider v. McDaniel</u>, 674 F.3d 1144, 1150 (9th Cir. 2012) (citing <u>Mayle</u>, 545 U.S. at 650).  "If the newly exhausted claim is not timely under the AEDPA or the relation-back doctrine does not apply, it may not be added to the existing petition and a stay is inappropriate." <u>Garcia v. Evans</u>, No. 1:08-cv-1819 AWI DLB HC, 2012 U.S. Dist. LEXIS 3620, at *6-7 (E.D. Cal. Jan. 6, 2012).

### a.   Prosecutorial misconduct claim

First, the Court will consider whether Broadnax's new claim, which he describes as "PROSECUTORIAL MISCONDUCT: FAILURE TO DISCLOSE BRADY[] (EXCULPATORY) MATERIAL," relates back to any of the three claims in the First Amended Petition.  (<u>See</u> Mot. & Decl. Appointment Counsel 1, ECF No. 20.)  Petitioner does not articulate the factual basis of this new claim, other than by vaguely asserting that it is based on <u>Brady</u> violations.  (<u>See</u> Notice Regarding Extension Time 1, ECF No. 8; <u>see generally</u> Mot. & Decl. Appointment Counsel 1, ECF No. 20.)  He also does not address whether this new claim relates back to any of his initial

1  claims.  (<u>See generally</u> Notice Regarding Extension Time 1, ECF No.

2  8.)

3      Absent an explanation of its factual basis, the Court cannot

4  conclude that this claim shares a common core of operative facts

5  with any of the initial claims.  <u>See</u> <u>Mayle</u>, 545 U.S. at 659.

6  Further, from the very limited information that was provided to

7  the Court, grounds one and three in the First Amended Petition

8  appear wholly unrelated to any purported prosecutorial misconduct

9  resulting in a violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

10  (<u>See</u> First. Am. Pet. 6-7, 38-39, 44, ECF No. 16.)  The timing and

11  type of facts relevant to an alleged error committed by the court

12  in instructing the jury differ significantly from those relevant

13  to prosecutorial misconduct.  <u>See</u> <u>Schneider</u>, 674 F.3d at 1150;

14  <u>Hernandez v. California</u>, No. C 08-4085 SI (pr), 2010 WL 1854416,

15  at *4 (N.D. Cal. May 6, 2010) (holding that new prosecutorial

16  misconduct claim did not relate back to sufficiency of the

17  evidence or instructional error claims in the original petition);

18  <u>Nordlof v. Clark</u>, No. C 07-4899 MMC (PR), 2010 WL 761294, at *7-9

19  (N.D. Cal. Mar. 3, 2010) (holding that eight new claims of

20  prosecutorial misconduct did not relate back to other claims,

21  including the prosecution's alleged suppression of favorable

22  evidence).

23      The same is true for ground three, which concerns the

24  sufficiency of the evidence supporting Petitioner's conviction for

25  dissuading a witness.  <u>See</u> <u>Sua v. Tilton</u>, No. 07cv1338-JM (BLM),

26  2010 WL 4569917, at *4, *8 (S.D. Cal. Aug. 4, 2010) (holding that

27  new prosecutorial misconduct claim did not relate back to

28  sufficiency of the evidence claim in the original petition);

1 Hernandez, 2010 WL 1854416, at *4 (same); Nordlof, 2010 WL 761294,

2 at *7-9 (same).

3     The claim in ground two regarding the trial court's alleged

4 error in denying Broadnax's motion for a new trial, however, may

5 be factually related to a claim of prosecutorial misconduct.  In

6 his amended motion for a new trial, Broadnax hints at a possible

7 prosecutorial misconduct claim regarding the prosecution's

8 purported withholding of a letter written by a key prosecution

9 witness.  (See Lodgment No. 1, Clerk's Tr. vol. 3, 508-09.)

10 Petitioner argued that the letter bore on the credibility of that

11 witness but was not discovered by defense counsel until after

12 trial.  (Id.)  On this basis, Broadnax filed a motion for a new

13 trial.  (Id. at 507-13.)  In the motion, Petitioner stated that

14 "[g]iven the close scrutiny of this prized and protected witness

15 . . . Defense Counsel finds it strange that the December 8th

16 letter was not intercepted by the . . . District Attorney

17 Investigators having mail watches on [the witness] available by at

18 least Monday December 15th."  (Id. at 509.)

19     Indeed, prosecutorial misconduct based on Brady violations

20 may be the basis for a motion for a new trial.  See United States

21 v. Palivos, 486 F.3d 250, 255 (7th Cir. 2007) (explaining what a

22 defendant must establish to obtain a new trial based on Brady).

23 Yet, it appears that Broadnax is unsure of the factual basis for

24 his prosecutorial misconduct claim.  (See Notice Regarding

25 Extension Time 1, ECF No. 8.) (requesting a stay in order to

26 research and identify issues for state habeas corpus petition).

27 Accordingly, Petitioner has not established that his prosecutorial

28 misconduct claim relates back to any of his initial claims.

**b.   Ineffective assistance of counsel claim**

Next, the Court will consider whether Petitioner's new claim of "INEFFECTIVE ASSISTANCE OF COUNSEL: FAILURE TO INVESTIGATE NEWLY DISCOVERED EVIDENCE" relates back to claims in the First Amended Petition.  (See Mot. & Decl. Appointment Counsel 1, ECF No. 20.)  Again, Broadnax does not provide the factual basis for this new claim, nor does he otherwise allege that it is factually related to any of the claims in his First Amended Petition.  (See generally id.; Notice Regarding Extension Time 1, ECF No. 8.) Moreover, grounds one and three in the pending Petition appear to be based on an entirely different set of facts.  See De Leon v. Allison, No. 1:11-cv-00945-JLT, 2012 WL 3778836, at *4-6 (E.D. Cal. Aug. 30, 2012) (holding that new ineffective assistance of counsel claim did not relate back to either the instructional error or sufficiency of the evidence claims in the original petition); Hernandez, 2010 WL 1854416, at *4 (same); Nordlof, 2010 WL 761294, at *8-9 (same).

As to Broadnax's pending claim that his motion for a new trial was wrongly denied, ground two, both this claim and his ineffective assistance of counsel claim relate to "newly discovered evidence."  (Compare First Am. Pet. 27-28, ECF No. 16, with Mot. & Decl. Appointment Counsel 1, ECF No. 20.)  Petitioner does not state what "newly discovered evidence" forms the basis of his ineffective assistance of counsel claim.  Consequently, Broadnax has failed to establish that his ineffective assistance of counsel or prosecutorial misconduct claims relate back to any of the claims in the First Amended Petition.

12CV0560 GPC(RBB)

1

**IV.  CONCLUSION**

2        Broadnax's First Amended Petition is not a mixed petition,

3 and <u>Rhines</u> does not address whether he is entitled to stay his

4 fully exhausted Petition while he exhausts his new claims.

5 Additionally, AEDPA's statute of limitations has expired, and

6 Petitioner has not sufficiently alleged that he is entitled to

7 statutory or equitable tolling, or that the relation back doctrine

8 applies to his new claims.  As a result, he is not entitled to a

9 stay under <u>Kelly</u>.  Therefore, the Motion, which he titled, "Notice

10 Regarding an Extension of Time in Which to File Petition for Writ

11 of Habeas Corpus in State Court" [ECF No. 8] is **DENIED.**

12        IT IS SO ORDERED.

13

14 DATED:  October 26, 2012

15                                        Ruben B. Brooks, Magistrate Judge
                                         United States District Court

16 cc:
   Judge Curiel
17 All Parties of Record

18

19

20

21

22

23

24

25

26

27

28