# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN DUNDRE BROADNAX,<br><br>Petitioner,<br><br>vs.<br><br>JEFFREY BEARD, Secretary of the California Department of Corrections and Rehabilitation,<br><br>Respondent. | CASE NO. 12cv0560-GPC-RBB<br><br>**ORDER**<br><br>**(1) DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AND**<br><br>**(2) GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>[Dkt. Nos. 36, 37] |

Pending before the Court is Petitioner's motion for issuance of certificate of appealability and motion to proceed in forma pauperis. (Dkt. Nos. 36, 37.) For the reasons stated below, the Court DENIES Petitioner's motion for certificate of appealability and GRANTS Petitioner's motion to proceed in forma pauperis. Petitioner may seek review of the certificate of appealability decision before the U.S. Court of Appeals for the Ninth Circuit. See Fed. R. App. P. 22(b)(1).

**I. Motion for Certificate of Appealability**

On May 8, 2013, the Court issued an Order Denying Petitioner's Request for an Evidentiary Hearing and Petition for Writ of Habeas Corpus, and Issuing a Limited Certificate of Appealability. (Dkt. No. 32, "Order.") The Court denied Petitioner's request for an evidentiary hearing and denied the First Amended

Petition for a writ of habeas corpus as to all of Petitioner's claims that: (1) the use of California Criminal Jury Instruction No. 362 at his trial violated his constitutional rights ("Claim One"); (2) the trial court erred in denying his amended motion for a new trial ("Claim Two"); (3) Petitioner's right to due process under the Fourteenth Amendment was violated because of insufficient evidence or inadequate jury instructions ("Claim Three"); and (4) Petitioner's request for an evidentiary hearing on a Brady claim ("Claim Four"). (Id.)  The Court issued a certificate of appealability limited to Claim Two, and declined to issue a certificate of appealability as to all other claims. (Order at 18, citing Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000)).

On June 26, 2013, Petitioner filed a motion for issuance of certificate of appealability pursuant to 28 U.S.C. § 2253 (c)(2) and Fed. R. App. P. 22 (b)(1). (Dkt. No. 36.)  Petitioner requests the Court issue a certificate of appealability as to Claims One and Three. (Id. at 1-2.)  Petitioner acknowledges that the Court previously issued a certificate of appealability limited to Claim Two, and argues that Claims One and Three also merit the issuance of a certificate of appealability because the jury instructions wrongfully deprived Petitioner of a fair trial. (Id.) Because this Court previously denied Petitioner a certificate of appealability as to Claims One and Three, the Court will construe Petitioner's motion for certificate of appealability as a motion for reconsideration of the Court's prior Order.

A district court may reconsider an order under either Federal Rule of Civil Procedure 59 (e) (motion to alter or amend a judgment) or Rule 60(b)(relief from judgment).  Under the local rules, a party that files a motion for reconsideration of an order must set forth the material facts and circumstances surrounding the motion, including any new or different facts and circumstances that are claimed to exist which did not exist, or were not shown, upon such prior application. L. Civ. R. 7.1.i. Motions for reconsideration offer an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani,

342 F.3d 934, 945 (9th Cir.2003). Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. <u>Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993).

Other than conclusory or unsupported allegations, Petitioner has failed to advance any arguments in his request for a certificate of appealability which shows any newly discovered evidence or that this Court erred in denying the petition for writ of habeas corpus and in declining to issue a certificate of appealability. As Petitioner merely presents issues which were already considered and ruled upon by this Court, Petitioner's request for reconsideration is **DENIED**. The Court therefore declines to issue a certificate of appealability as to Claims One and Three. This decision does not alter in any way the Court's prior Order issuing a certificate of appealability limited to Claim Two. (<u>See</u> Dkt. No. 32.)

**II. Motion to Proceed In Forma Pauperis**

On June 26, 2013, Petitioner filed a motion to proceed in forma pauperis ("IFP"). (Dkt. No. 37.) Previously, this Court granted Petitioner's application to proceed in forma pauperis. (<u>See</u> Dkt. No. 7.)

Pursuant to Fed. R. App. P. 24, a petitioner may "proceed on appeal in forma pauperis without further authorization," unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis," or a statute provides otherwise. Fed. R. App. 24(3). The Ninth Circuit has construed "not taken in good faith" to mean frivolous. <u>See</u> <u>Hooker v. American Airlines</u>, 302 F.3d 1091, 1092 (9th Cir.2002) (stating that "[i]f at least one issue or claim is found to be non-frivolous, leave to proceed in forma pauperis on appeal must be granted for the case as a whole"). An issue is "frivolous" if it has "no arguable basis in fact or law." <u>See</u> <u>O'Loughlin v. Doe</u>, 920 F.2d 614, 617 (9th Cir.1990) (internal citation and quotation omitted).

1       Here, Petitioner has submitted a financial affidavit in support of his IFP application. (Dkt. No. 37.) The application shows he has $0.00 on account at the California correctional institution in which he is presently confined. (Id.) Thus, Petitioner cannot afford the filing fee. Upon review of Petitioner's notice of appeal, the Court finds that Petitioner has not claimed an entitlement to redress, nor set forth the issues that he intends to present on appeal. (Dkt. No. 35.) However, construing his submissions liberally, it appears Petitioner seeks to appeal the aforementioned portion of the Court's May 8, 2013 Order declining to issue a certificate of appealability. Petitioner filed the Notice of Appeal along with the pending motion for certificate of appealability and motion to proceed in forma pauperis. (Dkt. No. 35, "Please find enclosed an original and two copies for the Court of the Notice of Appeal in the above-entitled matter. Also, a Declaration in Support of Request to Proceed Without Prepayment of Filing Fees and Certificate of Appealability.") Pursuant to Fed. R. App. P. 22, "If the district judge has denied the certificate [of appealability], the applicant may request a circuit judge to issue it." Fed. R. App. P. 22(b)(1). Although the Court construed Petitioner's motion for certificate of appealability as a motion for reconsideration, Petitioner may seek appellate review of the decision. Thus, the Court concludes that Petitioner's appeal is not frivolous.

      Accordingly, the Court finds no reason to deny Petitioner's ability to continue to proceed in forma pauperis. The Court therefore **GRANTS** Petitioner's application to proceed in forma pauperis.

           **IT IS SO ORDERED.**

DATED: September 10, 2013[1]

HON. GONZALO P. CURIEL
United States District Judge

---

[1] Due to clerical error, this Order was signed 9-10-13 but filed 1-24-14.